IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK MURPHY, )
)
       Plaintiff, )
)
v. ) Case No. 11-1213-CM
)
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
       Defendant. )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, requesting the court to review the decision of the Administrative Law Judge ("ALJ") dated June 24, 2010, finding that plaintiff was not entitled to disability benefits. Plaintiff contends that the ALJ erred in his Residual Functional Capacity ("RFC") assessment and erred in his determination of plaintiff's credibility. The court makes the following findings.

**I.    Procedural Background**

Plaintiff originally filed an application with the Social Security Administration for disability benefits on September 19, 2008, alleging disability beginning on September 1, 2005. After plaintiff's application and request for reconsideration were denied, plaintiff requested, and was granted, an administrative hearing. The ALJ, George Bock, issued his opinion on June 24, 2010, denying plaintiff's application. Plaintiff requested review on appeal; and on July 1, 2011, the Appeals Council denied plaintiff's request. Therefore, the decision of the Appeals Council serves as the final decision of the Commissioner. Plaintiff's request for this court's review is proper and

timely.

## II.     Legal Standard

This court reviews "'the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). The court "'may not reweigh the evidence or substitute its judgment for that of the agency.'" *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (quoting *Kelly v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). Further, this court must examine the entire record, which includes any evidence that may detract "from the weight of the Commissioner's decision," and must "'determine if the substantiality of the evidence test has been met.'" *Jarmillo v. Massanari*, 21 F. App'x 792, 795 (10th Cir. 2001) (quoting *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

It is plaintiff's burden to prove "a disability within the meaning of the Social Security Act." *Hunter*, 321 F. App'x at 792 (quotation omitted). A disability "'requires both an inability to engage in any substantial gainful activity' and 'a physical or mental impairment, which provides reason for the inability.'" *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

It is the responsibility of the ALJ to thoroughly conduct a five-step sequential process when reviewing claims for disability under the Social Security Act. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)). If a determination is made at any of the steps regarding plaintiff's disability status, then further evaluation under subsequent steps is not necessary. *Id*.

At step one, plaintiff must demonstrate that he is not engaged in substantial gainful employment activity. *Id*. If plaintiff makes a showing at step one that he is not substantially gainfully employed, then the ALJ moves to step two, which requires plaintiff to demonstrate that he has a "medically severe impairment or combination of impairments" that severely limit his ability to do work. *Id*. (quotation omitted). The ALJ can make a nondisability determination if there is no more than a minimal effect on plaintiff's ability to do work as a result of his impairments. However, if there is a sufficient showing that plaintiff's impairments are more than minimal, the ALJ moves to step three of the evaluation. At step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id*. If the impairment(s) can be found on the list, then the ALJ makes a disability finding; if an impairment is not listed, the ALJ moves to step four of the evaluation. *Id*.

Prior to step four, the ALJ assess plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). At step four, it is plaintiff's burden to show that he cannot perform his past work. *Williams*, 844 F.2d at 750. The burden shifts to the ALJ at step five, where the ALJ must show that plaintiff can perform some work which exists in large numbers in the national economy. *Id*.

**III.    Analysis**

**A.    The Administrative Decision**

The ALJ conducted a hearing where he and plaintiff's counsel asked questions of plaintiff and a Vocational Expert ("VE"). The ALJ then issued his decision, determining that plaintiff had not engaged in any substantial gainful activity since the alleged onset disability date of September 1, 2005. (R. at 14.) Based on evidence in the record, the ALJ found that plaintiff suffers from the following severe impairments, which have more than a minimal effect on plaintiff's ability to perform work but do not meet or medically equal one of the listed impairments either singly or in combination:

> (1) Status post a left knee ligament tear; (2) Chronic interstitial cystitis until surgery in 2004; (3) mild lumbar degenerative joint disease with spondylolisthesis; and (4) Depression (20 CFR 404.1520(c)).

*Id.* The ALJ determined that plaintiff's history of ulnar release, apnea controlled through CPAP and a history of anal fissure were not severe impairments. *Id*. Finally, the ALJ found plainitff's hearing loss, arm problems, memory loss, hand problems and right knee problems were not medically determinable impairments. (*Id*. at 15.)

The ALJ considered plaintiff's mental impairment, depression, but found that it did not meet or medically equal the listing 12.04 criteria under 12.00 Listing of Impairments (SSR 96-8p). And, further, plaintiff's depression did not satisfy the "paragraph B" or "paragraph C criteria" of the adult mental disorders under Listing 12.00. In determining plaintiff's RFC, the ALJ determined that plaintiff can:

> perform light work as defined in 20 CFR 404.1567(b) except for being limited to standing/walking two hours total in an eight hour workday and sitting six hours total in an eight hour workday. He cannot climb ladders, ropes or scaffolds or work around unprotected heights or around hazards. He cannot understand, remember or

>carry out detailed instructions and would be limited to repetitive one to three step jobs. He cannot have interaction with the public.

(*Id*. at 16.) Based on the evidence in the record and testimony at the hearing, the ALJ found that although plaintiff could not perform his past relevant work, he would be able to perform other work existing in significant numbers in the national economy. Therefore, plaintiff did not meet the requirements of disability under the Social Security Act at any time from September 1, 2005 through the date of the ALJ's decision. (*Id*. at 21–22.)

**B.     Plaintiff's Claims**

Plaintiff argues that the ALJ erred by: (1) failing to properly assess plaintiff's RFC pursuant to the requirements of Social Security Ruling ("SSR") 96-8p, or to consider plaintiff's obesity in combination with other impairments and its effect on his ability to perform work; and (2) failing to properly consider plaintiff's credibility pursuant to SSR 96-7p.

1.     <u>Error in Failing to Properly Assess Plaintiff's RFC and Obesity</u>

Plaintiff claims the ALJ did not assess plaintiff's RFC pursuant to SSR 96-8p according to the medical evidence or hearing testimony. (Doc. 9 at 23.) Further, the ALJ failed to properly connect plaintiff's severe and non-severe impairments with his limitations in the RFC assessment. Finally, plaintiff does not believe the ALJ adequately considered how plaintiff's obesity affected his ability to perform work pursuant to SSR 02-01p. *Id*.

Plaintiff further argues the ALJ determined plaintiff's ability to perform light work without properly describing how much activity light work requires. And the ALJ failed to discuss how evidence from the record supported his conclusion. Plaintiff specifically argues that the ALJ disregarded how plaintiff's ability to perform work was negatively affected by his interstitial cystitis and left ulnar neuropathy, and points to evidence in the record supporting his position.

This court's duty is not to usurp the role of the ALJ, even if the court disagrees with the decision, but rather to determine whether substantial evidence supports the ALJ's findings. *Kelly*, F.3d at 337. A physical or mental impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings, not only by [plaintiff's] statements." 20 C.F.R. §§ 404.1508, 1509. It also must have lasted or be expected to last for a "continuous period of at least 12 months." *Id.*

Unless an impairment significantly limits a person's ability to walk, stand, sit, carry, comprehend simple instructions, respond to work conditions, and deal with changes in a routine work environment, the impairment is not severe. *Bronson v. Astrue*, 530 F. Supp. 2d 1172, 1177–76 (D. Kan. 2008) (citing 20 C.F.R. §§ 404.1521, 416.921). Plaintiff need only make a "de minimus showing," demonstrating that the impairment "would have more than a minimal effect on his ability to do basic work activities." *Id.* (citations and quotations omitted). Plaintiff, however, must demonstrate that there is more to the impairment than a "mere presence of a condition or ailment." *Id.* If plaintiff's impairment does not have a serious impact on his abilities to do basic work activities, it will not be considered a severe impairment. *Id.* (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)).

Prior to step four of the evaluation process, the ALJ must determine plaintiff's RFC, which is used to "determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(a). Pursuant to 20 C.F.R. § 404.1545(e), the ALJ is required to consider all medically determinable impairments, whether severe or non-severe, when making an RFC assessment, and to "consider a claimant's abilities to meet the demands of work despite his impairment(s)." *Luzier v. Astrue*, No. 10-1186-JWL, 2011 WL

2470243, at *4 (D. Kan. June 20, 2011) (citing 20 C.F.R. § 404.1545). Not doing so can be considered reversible error. *Dainty v. Astrue*, No. 10-1245-SAC, 2011 WL 4072548, at *3 (D. Kan. Sept. 13, 2011). The ALJ is to consider physical abilities such as "sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions, and responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments." *Henderson-Harrison v. Astrue*, No. 10-1218-JWL, 2011 WL 146485, at *4 (D. Kan. Apr. 18, 2011) (citing 20 C.F.R. §§ 404.1545(b, c, d), 404.1521). Pursuant to SSR 96-8p, when completing the RFC assessment, the ALJ must cite to medical and nonmedical evidence, discuss plaintiff's credibility regarding symptoms, resolve ambiguities between the evidence and plaintiff's claims of pain, and discuss medical source opinions from treating or agency physicians and the weight given to each source. *Luzier*, 2011 WL 2470243, at *4.

When the ALJ assessed plaintiff's RFC he considered all of plaintiff's testimony regarding his symptoms, the objective medical evidence, and opinion evidence by all medical sources. (R. at 16.) The ALJ discussed plaintiff's complaints of pain testified to at the disability hearing, and compared plaintiff's complaints with objective medical evidence. He noted the following regarding plaintiff's complaints of pain:

> Regarding [plaintiff's] impairments, the claimant testified he has chronic bladder problems, severe back pain, spinal osteoarthritis and a bullet lodged in his vertebrae. He indicated he urinates up to 10 times a night, cannot grip items very long and has difficulty walking, foot drop, sleep apnea, anxiety attacks, numbness in the legs and is depressed. He stated he cannot lift over 10 pounds, sit more than an hour, stand for prolonged periods and needs to get up and walk around or occasionally lie down. He stated he spends 30 to 60 minutes in the bathroom every time he uses it.

*Id.* at 17. He then reviewed plaintiff's medical records, medication regimen, activities of daily

living, and opinion evidence of medical providers as it pertains to plaintiff's complaints above.

After his review, he made the following determination:

> claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but [] the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. The Administrative Law Judge finds no medically determinable or otherwise credible reason why the claimant cannot perform the full range of light work, subject to the nonexertional limitations previously cited.

*Id.* at 22.

The ALJ determined plaintiff's severe impairments, plaintiff's non-severe impairments, and non-medically determinable impairments as required under 20 C.F.R. § 404.1545(e).[1] (R. at 14–16.) As the ALJ reviewed the medical evidence, he noted, "[w]hile the claimant does have some limitations as a result of these impairments there is no supporting objective evidence that they are as severe as alleged."[2] (*Id*. at 18.) The ALJ also noted that evidence did not corroborate plaintiff's limitations regarding his interstitial cystitis and having to use the restroom ten times per night, each time taking thirty to sixty minutes. (*Id*. at 19.) Finally, the ALJ reviewed medical evidence of plaintiff's depression, and determined that plaintiff's symptoms were not as severe as alleged. *Id*. Overall, the ALJ found "[t]he objective evidence of record [wa]s not consistent with claimant's allegations regarding the physical or mental limitations on his ability to work." *Id*. After review, the ALJ found no reason why plaintiff could not "perform the full range of light work, subject to the

---

[1] Severe impairments included status post a left knee ligament tear, chronic interstitial cystitis until surgery in 2004, mild lumbar degenerative join disease with spondyloslisthesis, and depression. Non-severe impairments included ulnar release, apnea controlled on CPAP, and a history of anal fissure. Non-medically determinable impairments included hearing loss, arm problems, memory loss, hand problems and right knee problems.

[2] The ALJ discussed evidence as it pertained to plaintiff's complaints of back pain and osteoarthritis.

nonexertional limitations previously cited." (*Id*. at 22.)

After a thorough review of the record, the court finds that the ALJ determined plaintiff's RFC properly pursuant to SSR 96-8p. The ALJ cited to medical and nonmedical evidence. (R. at 17–20.) He discussed plaintiff's complaints of pain and related it to objective evidence in the record. And the ALJ determined plaintiff's credibility and resolved ambiguities regarding plaintiff's statements with objective medical evidence in the record. *Id*. Finally, the ALJ discussed medical source opinions, giving weight to each opinion. (*Id*. at 20–22.) Substantial evidence in the record supports the ALJ's RFC assessment and the court finds no error here.

Plaintiff also argues that the ALJ erred by not finding plaintiff's obesity a severe impairment or severe in combination with the other impairments. While the ALJ must consider obesity in plaintiff's RFC assessment as it applies to functional limitations pursuant to SSR 02-1p, there is little evidence present in the record to support plaintiff's claim that his obesity was a medically determinable impairment which would limit his ability to do work. In fact, the limited evidence in the record of plaintiff's obesity includes one notation on a record from a clinic visit to Eastern Kansas HCS Leavenworth on January 5, 2009. (R. at 716.) At this visit, the nurse made a note that she recommended plaintiff to check into the "MOVE!/Weight Management Program." *Id*. She discussed the health risks associated with being overweight/obesity. The nurse made a note that plaintiff refused the program, but would consult with the dietician. *Id*. The record does not establish an assertion by plaintiff that he presented claims of obesity during doctor's visits as valid reasons for his disability. Nor did he present obesity as a claim of disability to the ALJ. It is not unreasonable that the ALJ did not consider obesity in his decision. *See Briggs v. Astrue*, 221 F. App'x 767, 770–71 (10th Cir. 2007) (claimant failed to address obesity in disability application or in the

hearing, therefore the ALJ did not improperly fail to consider the lack of obesity evidence as a result).

2.     Error in Failing to Properly Assess Plaintiff's Credibility

Plaintiff argues the ALJ improperly considered plaintiff's credibility pursuant to SSR 96-7p, 20 C.F.R. § 404.1529 and *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), regarding his impairments and ability to perform light work. Had the ALJ properly considered plaintiff's testimony regarding his functional limitations and work-related restrictions, the ALJ would have found plaintiff to be disabled. Plaintiff complains that the ALJ disregarded plaintiff's complaints of pain because plaintiff was already receiving a one hundred percent Veteran's Administration ("VA") disability pension, was taking a combination of medications that were controlling his pain, and was able to perform normal daily activities.

Plaintiff asserts that his back pain, chronic interstitial cystitis, and bladder disease affect his ability to perform work on a consistent, full-time basis, and that the ALJ failed to properly take into consideration the extent to which these impairments would affect plaintiff's ability to perform work. He argues that he is not able to lift more than ten to fifteen pounds, and is able to sit or stand for only one to two hours per day. And, although plaintiff takes medications to control his back pain, the medication makes him "tired, dizzy and drowsy." (Doc. 9 at 33.) Plaintiff also claims that due to his interstitial cystitis, he must urinate ten to fifteen times a night, and once or twice an hour during the day. Plaintiff further argues that his knee pain and depression also affect his ability to work.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). "[F]indings as to credibility should be closely and affirmatively linked to

-10-

substantial evidence and not just a conclusion in the guise of findings." *Sanders v. Astrue*, 266 F. App'x 767, 770 (10th Cir. 2008) (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)) (internal quotation marks and brackets omitted).  Where "the ALJ sets forth the specific evidence he relies on in evaluating the [plaintiff's] credibility, the dictates of *Kepler* are satisfied." *Sanders*, 266 F. App'x 770 (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

Pursuant to SSR 96-7p, the ALJ must consider "(1) whether the [plaintiff] established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment, and the [plaintiff's] subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, the [plaintiff's] pain is in fact disabling." *Khanh Van Vo v. Astrue*, No. 10-1397-JTM, 2011 WL 5900961, at *3 (D. Kan. Nov. 25, 2011) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010); *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)).  An ALJ must consider the intensity, persistence and limitations of the plaintiff's symptoms, and if the objective evidence does not support plaintiff's complaints of limitations of pain, then he must make a credibility finding. *Id.*  The ALJ may consider the following when making his credibility determination:

> (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment for relief of the symptoms; (6) measures other than treatment used to relieve the symptoms (e.g. rest); and (7) any other factors.

SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

As stated in the court's review of the ALJ's RFC assessment above, the ALJ discussed plaintiff's testimony at the hearing regarding his impairments and complaints of pain, and how his impairments may limit his ability to work.  Again, his major complaints include "chronic bladder

problems, severe back pain, spinal osteoarthritis and a bullet lodged in his vertebrae." (R. at 17.) Plaintiff complains that his interstitial cystitis causes frequent urination, and spends up to an hour in the restroom evacuating his bladder. He further states he has problems gripping items, and difficulty walking. Finally, he claims that he is limited to 10 pounds of lifting and must sit or stand for long periods of time. Plaintiff argues that the ALJ should have found his testimony regarding these impairments credible, and that his impairments hinder his ability to perform light work.

Pursuant to SSR 96-7b, the ALJ properly reviewed the objective medical evidence in detail regarding each of plaintiff's alleged limitations from disabling pain in his back, legs, feet, hands and urinary tract. (R. at 16–22.) Then, the ALJ appropriately determined that plaintiff's "medically determinable impairments could be expected to produce some of the alleged symptoms." (*Id*. at 22.) The ALJ linked evidence in the record to his credibility determination, or stated there was a lack of evidence regarding the extent to which plaintiff's symptoms could have produced the alleged limitations. *Kepler*, 68 F.3d at 391. And, ultimately the ALJ found plaintiff's statements about intensity, persistence and limitations not entirely credible, and that plaintiff could perform a full range of light work, subject to nonexertional limitations. *Id*. Evidence in the record supports the ALJ's credibility determination, and the court finds no error was committed.

## IV. Conclusion

Based on a thorough review of the record and the ALJ's decision, the court affirms the Commissioner's decision that plaintiff is not nor was disabled as of the alleged disability date of September 1, 2005.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 5th day of September, 2012 at Kansas City, Kansas.

                          **s/ Carlos Murguia**
                          **CARLOS MURGUIA**
                          **United States District Judge**